## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GREGORY SUMMERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 04-132-KAJ |
| | ) |
| THOMAS CARROLL, Warden, and | ) |
| CARL C. DANBERG, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

William Gregory Summers. *Pro se* Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for Respondents.

May 16, 2006
Wilmington, Delaware



JORDAN, District Judge

## I.    INTRODUCTION

Petitioner William Gregory Summers ("Summers") is incarcerated at the

Delaware Correctional Center in Smyrna, Delaware.  Summers filed the pending

petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons

discussed, I will dismiss his petition.  (Docket Item ["D.I."] 1)

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Following a bench trial in January 1999, the Delaware Superior Court convicted

Summers of first degree robbery, third degree assault, and misdemeanor theft.  The

Superior Court sentenced Summers as an habitual offender to life in prison for the

robbery conviction, and imposed suspended sentences for the assault and

misdemeanor theft convictions.  On direct appeal, the Delaware Supreme Court ruled

that the misdemeanor theft conviction and sentence should be stricken as a lesser

included offense of first degree robbery, but affirmed Summers' convictions for third

degree assault and first degree robbery.  *See Summers v. State*, 760 A.2d 163 (Table),

2000 WL 1508771 (Del. 2000).  The Superior Court subsequently voided the

misdemeanor theft conviction and sentence.

Summers filed his first motion for state post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") in May 2001, asserting

one ineffective assistance of counsel claim and four other claims challenging his

conviction and sentence.  The Rule 61 motion was referred to a Superior Court

Commissioner.  In a Report and Recommendation, the Commissioner determined that

1

trial counsel was not ineffective for failing to investigate and subpoena two witnesses. The Commissioner also determined that Summers had procedurally defaulted the remaining claims pursuant to Rule 61(i)(3), and that the ineffective assistance of counsel claim did not excuse the default because counsel did not provide constitutionally ineffective assistance. Thereafter, the Superior Court adopted the Report and Recommendation, and summarily dismissed the entire Rule 61 motion as procedurally defaulted under Rule 61(i)(3). *State v. Summers,* 2002 WL 356370 (Del. Super. Ct. Jan. 28, 2002). The Delaware Supreme Court affirmed the Superior Court's decision. *Summers v. State*, 808 A.2d 120-5 (Table), 2002 WL 31300028 (Del. Oct. 12, 2002).

On February 26, 2003, Summers filed a second Rule 61 motion, asserting six new claims. The Delaware Superior Court denied the motion as repetitive under Rule 61(i)(2) and defaulted under Rule 6(i)(3). The Delaware Supreme Court affirmed that decision. *Summers v. State*, 832 A.2d 1252 (Table), 2003 WL 21456669 (Del. June 19, 2003).

On July 3, 2003, Summers filed a third Rule 61 motion, which the Superior Court dismissed as time-barred under Rule 61(i)(1), repetitive under Rule 61(i)(2), and defaulted under Rule 61(i)(3). The Delaware Supreme Court affirmed the Superior Court's denial of the motion under Rules 61(i)(2) and (3), but determined that the motion was not time-barred under Rule 61(i)(1). The Delaware Supreme Court also held that the motion was barred under Rule 61(i)(4) as formerly adjudicated. *Summers v. State*, 2004 WL 220327 (Del. Jan. 27, 2004).

2

In September 2004, Summers filed an application for federal habeas relief. (D.I.

1) The State filed an Answer, and Summers filed an Amended Reply. (D.I. 15; D.I. 23)

## III. LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") "to reduce delays in the execution of state and federal criminal sentences

... and to further the principles of comity, finality, and federalism." *Woodford v.*

*Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).

Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state

prisoner only "on the ground that he is in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2254(a).

Prior to seeking habeas relief from a federal court, a petitioner in custody

pursuant to a state court judgment must exhaust all remedies available in the state

courts. *See* 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner

must demonstrate that the substance of the federal habeas claim was "fairly presented"

to the state's highest court, either on direct appeal or in a post-conviction proceeding,

and in a procedural manner permitting the state courts to consider it on the merits. *See*

*Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351

(1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997). If the highest state

court "clearly and expressly" refused to review the merits of a claim due to an

independent and adequate state procedural rule, the claim is considered exhausted but

3

procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner demonstrates actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," a federal court may excuse a procedural default to prevent a fundamental miscarriage of justice. *Murray,* 477 U.S. at 496; *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy

4

eyewitness accounts, or critical physical evidence - - that was not presented at trial."

*Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard Of Review Under AEDPA

If a federal habeas claim is exhausted and not procedurally defaulted, and the

highest state court adjudicated its merits, then the federal habeas court can only grant

habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*,

250 F.3d 203, 210 (3d Cir. 2001). A state court has adjudicated a claim on the merits

for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the

parties' claims, with res judicata effect, [and] is based on the substance of the claim

advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d

233, 247 (3d Cir. 2004) (internal citations omitted), *rev'd on other grounds*, 125 S.Ct.

2456 (2005).

AEDPA also requires a federal court to presume that a state court's

determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can

only rebut this presumption of correctness by clear and convincing evidence. *Id.*; *Miller-*

*El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard

in § 2254(e)(1) applies to factual issues, whereas the unreasonable application

standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness

5

applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Summers asserts six claims for relief in his habeas petition: (1) his due process rights were violated when the trial judge failed to enter a ruling or hold a hearing on Summers' motion to suppress; (2) the prosecution engaged in prosecutorial misconduct by making "statements to enhance the age and defendant to fit the criteria of the state's habitual offender statute"; (3) trial counsel failed to investigate two eyewitnesses;[1] (4) trial counsel failed to ensure that a motion to suppress Summers' police statement was determined prior to trial; (5) appellate counsel failed to argue that the trial court erred in not expressly determining the motion to suppress; and (6) appellate counsel failed to argue that Summers' habitual offender status was premised on false information.

### A. Claims One, Two, Four, Five, And Six Are Procedurally Barred

Summers did not include Claims One, Two, Four, Five, and Six in his first Rule 61 motion. Instead, he asserted four substantive claims challenging his conviction, along with one claim arguing that trial counsel's failure to file any pre-trial motions constituted ineffective assistance. In response to the factual allegations of the Rule 61 motion, the Public Defender's Office filed an Affidavit explicitly stating that trial counsel filed a motion to suppress Summers' videotaped police statement in August 1998. (D.I. 17, Appellant's Op. Br. in *Summers v. State*, No. 161,2002, at Exh. A.)

---

[1]Summers' § 2254 petition also included an allegation that counsel failed to subpoena his co-defendant. (D.I. 1, at ¶ A) However, Summers' explicitly deleted that allegation in his Amended Reply. (D.I. 23, at 3).

6

Based on this "newly discovered" information, Summers filed a second Rule 61 motion asserting Claims One, Two, Four, Five, and Six. He acknowledged his failure to include these claims in his first Rule 61 motion, but he argued that he was unaware of the factual predicates for these claims when he filed his first Rule 61 motion. The Superior Court rejected Summers' explanation, and summarily dismissed the second Rule 61 motion as repetitive under Rule 61(i)(2) and procedurally defaulted under Rule 61(i)(3). *State v. Summers*, Cr. A. Nos. IK 97-10-0448 through IK97-10-0454, Order (Del. Super. Ct. Mar. 6, 2003). The Delaware Supreme Court affirmed that decision, explicitly stating that the "Superior Court did not err in concluding that Summers' second motion for post-conviction relief was procedurally barred by Superior Court Criminal Rules 61(i)(2) and 61(i)(3) and that Summers had failed to overcome these procedural hurdles." *Summers*, 2003 WL 2145669 (Del. 2003).

This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. *Elliott v. Kearney*, 2004 WL 724598, at *8 (D. Del. Mar. 31, 2004); *Carter v. Neal*, 910 F. Supp. 143, 149-50 (D. Del. 1995). By denying Claims One, Two, Four, Five, and Six under Rules 61(i)(2) and (3), the Delaware Supreme Court plainly stated that its decision rested on state law grounds. Thus, the five claims are procedurally defaulted, and I can only review their merits if Summers demonstrates cause for the default and prejudice resulting therefrom, or if he demonstrates that a miscarriage of justice will occur in the absence of such review.

As in his state court proceedings, Summers attempts to establish cause for his procedural default by arguing that he was not aware of these claims when he filed his

7

first Rule 61 motion. However, Summers does not contend, and the record does not indicate, that any external impediment prevented him from finding out the factual predicate for these claims prior to filing his first Rule 61 motion. For example, with respect to Claims One, Four, and Five, Summers could have determined that trial counsel actually filed a suppression motion, that the suppression motion was never ruled on, and that appellate counsel failed to raise the issue on appeal, by merely looking at the Superior Court docket and reading his appellate brief. Similarly, with respect to Claims Two and Six (concerning the basis for his habitual offender sentence and appellate counsel's failure to raise the issue on appeal), the State filed its motion to declare Summers an habitual offender on April 19, 1999, and the Superior Court held a hearing on the motion on October 29, 1999. (D.I. 17, App. to Appellant's Br. in *Summers v. State*, No.563, 1999, at Exh. A-3, A-21 to A-22, A-24 to A-29.) As a result, the allegedly "false information"[2] was on record and available to Summers since April and October 1999. Additionally, Summers' appeal was decided in 2000, demonstrating that Summers had plenty of time to research the information and include all the instant claims in his first Rule 61 motion that he filed in May 2001. Thus, Summers' lack of

---

[2]Summers contends that, during his sentencing hearing, the prosecutor incorrectly stated that Summers' December 3, 1993 sentence for Delivery of Cocaine occurred on December 3, 1999, and that the Superior Court erred in declaring him an habitual offender because the state court did not know that he was a juvenile when he committed that offense. (D.I. 23, at 4-5). Summers presented this same claim to the Superior Court in a motion to correct an illegal sentence. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision because the "transcript of the October 1999 sentencing hearing clearly reflects that the judge understood that Summers was 16 years old at the time he committed the felony of Delivery of Cocaine." *Summers v. State*, 860 A.2d 812 (Table), 2004 WL 2154320, at *1 (Del. Sept. 20, 2004).

knowledge does not excuse his procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (mere inadvertence does not constitute cause for a procedural default); *Coleman*, 501 U.S. at 752 (discussing ignorant or inadvertent procedural default).

Summers also attempts to establish cause for his default of Claims One, Two, and Four by blaming his appellate counsel for failing to raise those claims on direct appeal. *See* D.I. 23, at 19-23. However, as just explained, Summers procedurally defaulted the claims alleging the ineffective assistance of his appellate counsel (Claims Five and Six). Therefore, appellate counsel's performance cannot excuse Summers' failure to include the claims in his first Rule 61 motion. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000) (holding that an ineffective-assistance-of-counsel-claim asserted as cause for the procedural default of another claim will not constitute cause if the ineffective-assistance-of-counsel-claim itself is procedurally defaulted).

In the absence of cause, I do not need to address the issue of prejudice. Summers also fails to demonstrate actual innocence, thereby eliminating the miscarriage of justice exception as a basis to excuse his procedural default.

Accordingly, I will dismiss Claims One, Two, Four, Five, and Six as procedurally barred from federal habeas review.

## B.   Claim Three Does Not Warrant Relief Under § 2254(d)(1)

In Claim Three, Summers alleges that trial counsel failed to investigate two unnamed eyewitnesses. Summers properly presented this claim to the Superior Court in his first Rule 61 motion, and the Superior Court summarily denied the claim because

9

Case 1:04-cv-00132-GMS  Document 27  Filed 05/16/06  Page 11 of 13 PageID #: 11

Summers failed to provide concrete allegations of actual prejudice. The Delaware

Supreme Court affirmed that decision. Consequently, pursuant to § 2254(d)(1), federal

habeas relief will only be available if the Delaware Supreme Court's decision was either

contrary to, or an unreasonable application of, clearly established Supreme Court

precedent.

The clearly established federal law governing ineffective assistance of counsel

claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S.

668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003).  Under the

first prong, the petitioner must demonstrate that "counsel's representation fell below an

objective standard of reasonableness," with reasonableness being judged under

professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466

U.S. at 688.  The second prong requires the petitioner to demonstrate "there is a

reasonable probability that, but for counsel's error the result would have been different."

*Id.* at 687-96.  A reasonable probability is a "probability sufficient to undermine

confidence in the outcome." *Id.* at 688.

Here, the Delaware Supreme Court's decision was not contrary *Strickland*

because the state court correctly identified *Strickland* as the proper standard and

analyzed Summers' claim within that framework. *Williams*, 529 U.S. at 406 ("[A] run-of-

the-mill state-court decision applying the correct legal rule from [Supreme Court] cases

to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary

to' clause").  Additionally, because it is well-settled that a petitioner has the burden of

proving the facts in support of his ineffective assistance  claim, *Sistrunk v. Vaughn*, 96

10

F.3d 666, 671 (3d Cir. 1996); Wells v. Petsock, 941 F.2d 253, 259-260 (1991), I conclude that the Delaware Supreme Court did not unreasonably apply Strickland in denying the instant claim. Summers' first Rule 61 motion only contained vague and conclusory statements regarding counsel's failure to investigate witnesses, and it also failed to provide concrete allegations of prejudice. Summers' habeas petition suffers from the same defect – he fails to identify the two witnesses and he fails to demonstrate any prejudice resulting from the failure to investigate the unnamed witnesses. Accordingly, I will deny Claim Three because it does not warrant federal habeas relief under § 2254(d)(1).

## V.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Additionally, if a federal court denies a habeas claim on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable:  (1) whether the petition states a valid claim of the

11

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Summers' habeas petition must be dismissed, because his claims are either procedurally barred from federal habeas review or they do not warrant relief under § 2254(d)(1). Reasonable jurists would not find these conclusions unreasonable. Consequently, Summers has failed to make a substantial showing of the denial of a constitutional right, and I decline to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, I conclude that Summers' § 2254 petition does not warrant federal habeas relief. I also find no basis for issuing a certificate of appealability. An appropriate order will follow.