IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GREGORY SUMMERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No. 04-132-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

## I. INTRODUCTION

In May, 2006, the Honorable Kent A. Jordan denied petitioner William Summers' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his ineffective assistance of counsel failed to warrant relief under § 2254(d), and his other five claims were procedurally barred. (D.I. 27) Presently pending before the court is Summers' "motion to vacate judgment and sentencing order pursuant to Federal Rule of Civil Procedure 60(b)(6)."[1] (D.I. 27)

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound

---

[1] Although Summers has titled his motion as being asserted pursuant to Rule 60(b)(4), the motion itself refers to Rule 60(b)(6). (D.I. 34 at 5-6)

discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Here, Summers filed his motion under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). The Third Circuit has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). In turn, a Rule 60(b)(6) motion must be filed within a "reasonable time,"[2] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties in determining reasonableness. *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a

---

[2]*Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

2

second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

Summers' Rule 60(b)(6) motion alleges that the sentencing court committed "plain error" by not permitting him to speak during the sentencing hearing. This argument does not challenge the manner in which Summers' § 2254 petition was denied, but rather, collaterally attacks his underlying conviction. In addition, Summers could have, but did not, raise the instant argument in his § 2254 petition. Therefore, the court concludes that the instant Rule 60(b) motion is a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Summers did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/petition. Accordingly, the court will dismiss Summers' motion/petition as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

In addition, even if the court were to treat the Rule 60(b)(6) motion as a true motion for reconsideration rather than as a second or successive habeas petition, the motion was not filed within a reasonable time of the decision being contested. The Honorable Kent A. Jordan denied Summers' habeas petition on May 16, 2006, and the Third Circuit denied his request for a certificate of appealability on December 21, 2006. Summers, however, did not file the instant

Rule 60(b)(6) motion until December 23, 2011, and he has not provided a compelling justification for this five year delay. Therefore, the motion is untimely. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987)(finding Rule 60(b)(6) motion brought almost two years after to be untimely).

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss the instant Rule 60(b)(6) motion for lack of jurisdiction because it constitutes a second or successive petition under 28 U.S.C. § 2244. Alternatively, the Rule 60(b)(6) motion is time-barred. In addition, the court will not issue a certificate of appealability, because Summers has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Sept 12, 2012
DATE

CHIEF, UNITED STATES DISTRICT JUDGE